Errol EDWARDS, Plaintiff,

v.

COLUMBIA UNIVERSITY, Defendant.

No. 79 Civ. 992.

United States District Court,
S. D. New York.

Oct. 29, 1979.

Rafalsky & Jasper, New York City, for plaintiff by Thomas R. Rafalsky, New York City, of counsel.

Debevoise, Plimpton, Lyons & Gates, New York City, for defendant by Joseph Barbash, John G. Koeltl, New York City, of counsel.

MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Defendant Columbia University brings this motion to dismiss plaintiff Edwards' discrimination action. The facts which give rise to Edwards' claims are the following:

Plaintiff worked as a Machinist A in Columbia's Power Plant. On May 3, 1978 plaintiff was suspended for two weeks for allegedly threatening his supervisor and being away from his assigned workplace. Plaintiff thereafter filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that the suspension was racially motivated.

On May 18, plaintiff was suspended for two days for allegedly leaving his workplace without permission to attend a labor grievance proceeding.

Plaintiff was notified by letter dated June 16, 1978 that the position of Machinist A was going to be eliminated and that he would be "laid off" at the end of the work day of June 30, 1978.

Before this proposed layoff took effect, plaintiff on the morning of June 30 was discharged for allegedly threatening and spitting at his supervisor.

At an arbitration hearing conducted between Columbia and plaintiff's union, the two-week suspension and the final discharge were upheld. Plaintiff does not now claim that either of these actions was discriminatory. The sole claim alleged in the present complaint is that the two-day suspension and the proposed layoff were discriminatory actions taken against Mr. Edwards in retaliation for the charge lodged with the EEOC.

■ At oral argument on July 20, 1979 we informed plaintiff that, in our view, if in fact the final discharge was lawful, there could be no damages resulting from the proposed layoff because it never went into effect. We further indicated that if plaintiff wished to relitigate the issue of the justifiability of the discharge we would schedule a hearing on that issue. However, plaintiff would be permitted no further discovery on the issue of the unlawfulness of the layoff and would not be permitted to offer evidence on the layoff until the unlawfulness of the discharge had been established.

Plaintiff has since advised us that he does not wish to litigate the issue of justifiability of the discharge unless permitted discovery with respect to, and introduction of evidence of, the unlawfulness of the proposed layoff. We cannot see how such evidence could be relevant to the issue of whether or not Mr. Edwards did in fact spit at and threaten his employer on the morning of June 30 and whether such conduct justified his discharge, unless it is plaintiff's theory that his actions that morning were the result of justified rage at the nature of the proposed layoff.

If plaintiff wishes to amend his complaint to challenge the validity of the discharge—and so advise us within ten (10) hereof—we will conduct a hearing on that issue, which hearing will proceed on the premise that plaintiff's conduct on the morning of his discharge should be judged as that of a man harboring a wholly justified anger at discriminatory acts practiced against him. If, proceeding on that assumption, the plaintiff is successful in establishing the invalidity of the discharge, we shall permit further discovery and litigation with respect to the propriety of the layoff. Otherwise, we shall adhere to our ruling that a valid discharge on the morning of June 30 renders moot the propriety of a layoff not scheduled to take effect until that evening.

■ This disposition, it seems to us, gives appropriate weight to two competing considerations inherent in any civil rights case. In the first place—and most importantly—it is essential that any plaintiff be given every reasonable opportunity to develop and fashion a remedy for any grievance he may legitimately harbor. On the other hand it is also important to prevent the court's processes—especially expensive and often burdensome discovery proceedings—from being employed as weapons to harass defendants for purely imaginary grievances.

In conclusion: if plaintiff within ten (10) days hereof files an amended complaint challenging the propriety of plaintiff's discharge on the morning of June 30, a conference will be held on November 26, 1979 at 9:30 A.M. in courtroom 2703 for the purpose of scheduling a trial of the issue presented by such amendment. As no discovery is necessary for such a trial under the conditions above described, none will be allowed. In the absence of such an amendment, the parties will appear at the same time and place prepared for an immediate trial limited to the propriety of the two-day suspension and any damages resulting therefrom.

SO ORDERED.